# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE FITZPATRICK, | : | |
| | : | |
| Petitioner, | : | |
| | : | 1:13-cv-2092 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| SUPERINTENDENT | : | |
| JEROME WALSH, et al., | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

### November 18, 2013

Petitioner, Terrance Fitzpatrick ("Petitioner"), an inmate presently confined at the State Correctional Institution at Dallas, Pennsylvania ("SCI Dallas"), commenced this *pro se* action by filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to the provisions of 28 U.S.C. § 2254. He challenges his 2008 conviction in the Northampton County Court of Common Pleas for two (2) counts of criminal attempted homicide and one (1) count each of conspiracy to commit criminal homicide, conspiracy to commit aggravated assault, and carrying a firearm without a license. (*Id.*).

On August 27, 2013, in accordance with *United States v. Miller,* 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers,* 208 F.3d 414 (3d Cir. 2000) (requiring district courts to provide notice to *pro se* habeas petitioners of the implications of 28 U.S.C. § 2244(b) before ruling on their petitions), we issued a formal notice to Fitzpatrick that he either could have his Petition ruled on as filed, or withdraw it and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. 3).

On October 7, 2013, Fitzpatrick filed his Notice of Election indicating that he chooses to have the Court rule on his Petition as filed. On October 29, 2013, we issued an Order directing the Clerk of Court to serve a copy of the Petition on the Superintendent of SCI Dallas, the Attorney General of the Commonwealth of Pennsylvania, and the District Attorney of Northampton County. (Doc. 5).

On November 15, 2013, the Respondents filed a letter with the Court explaining that the attorneys are not admitted in the United States District Court for the Middle District of Pennsylvania. (Doc. 6). Respondents further explain that the attorneys are Assistant District Attorneys for the Northampton District Attorney's Office, located in the United States District Court for the Eastern District of Pennsylvania. (*Id.*). The Respondents then request that the case be transferred to the Eastern District of Pennsylvania.

For state prisoners who seek to contest some aspect of their state sentences, 28 U.S.C. §2241(d) specifies where habeas corpus petitions should be filed, and provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

Thus, state prisoner habeas corpus petitions may be brought in the federal judicial district in which the state court of the conviction is located or, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may also be brought in the district of confinement. *See* 28 U.S.C. § 2241(d). However, § 2241(d) also provides that the district court for the district in which the petition is filed may "in furtherance of justice" transfer the petition to the federal district court in which the state court of the conviction is located. 28 U.S.C. § 2241(d). *See also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). The United States Court of Appeals for the Third Circuit has also "note[d] that it is quite clear that ordinarily a transfer of a [habeas] proceeding relating to the validity of the petitioner's conviction from the district of

confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses." *In re Nwanze*, 242 F.3d 521, 526 n.2 (3d Cir. 2001) (internal citations omitted).

In this case, Petitioner is a state prisoner who is housed in the Middle District of Pennsylvania but who is challenging a state conviction arising out of a case prosecuted in Northampton County. As such, the conviction and underlying state case are matters that fall under the territorial jurisdiction of the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. §118(a). Because this offense, state prosecution, and sentencing all took place in the Eastern District of Pennsylvania, it would be in the interest of justice to transfer this petition to the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 2241(d); s*ee also Miller*, 905 F.2d at 262. An appropriate Order will enter on today's date.